| | | | |
|---|---|---|---|
| | AUSA: | Timothy E. Garcia | Telephone: (313) 226-9522 |
| AO 91 (Rev. 11/11) Criminal Complaint | Officer: | Saleem Rodney | Telephone: (313) 697-8587 |

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

United States of America

   v.

Willians Alexis GUERRA,
a/k/a Williams Alexis GUERRA,
a/k/a Williams ALEXIS-GUERRA

Case No. 26-mj-30454

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 28, 2026_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Saleem Rodney, U.S. CBP Enforcement Officer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____July 30, 2026_____

_____
*Judge's signature*

City and state: ___Detroit, MI___

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT</u>

I, Saleem M. Rodney, being duly deposed and sworn, state as follows:

1. I am an Admissibility Enforcement Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over four years. During my career as a law enforcement officer, I have investigated and inspected arriving and non-arriving aliens for violations related to the Immigration and Nationality Act (INA). I have received training in this area at the CBP Academy, post-Academy training and field work as a CBP officer.

2. The information set forth below is the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3. The defendant, Wilians Alexis GUERRA, a/k/a Williams Alexis GUERRA, a/k/a Wiliams ALEXIS-GUERRA, is a 33-year-old male citizen of Honduras, who last entered the United States at or near an unknown place, on or about an unknown date without being admitted, inspected or paroled into the United States by an immigration officer.

4. On July 28, 2026, at approximately 2:00 p.m., GUERRA was encountered by CBP at the Detroit Gordie Howe International Bridge on primary lane eighteen after his friend and himself presented themselves for inspection. A CBP officer conducted the initial inspection. Through the initial inspection, it was determined that GUERRA and his friend did not make entry to Canada and turned around on the bridge back towards the United States prior to reaching the Canada Border Services Agency

(CBSA).  GUERRA and his friend presented Honduran passports. Upon inspection of the passports, GUERRA did not appear to have any visa and could not articulate his immigration status in the United States. A CBP Officer referred the vehicle to secondary for further inspection.

5. Affiant was contacted and responded to the Detroit Gordie Howe International Bridge for review of a possible violation of Title 8, United States Code, Section 1326(a), unlawful re-entry of a removed alien. Upon arriving at the Gordie Howe International Bridge, I was given a Honduran passport bearing the name Wilians Alexis GUERRA with a nationality of Honduras and a place of birth of Honduras.

6. In the secondary inspection area, GUERRA was fingerprinted and queried through the Automated Biometric Fingerprint Identification System (IDENT) and Integrated Automated Fingerprint Identification System (IAFIS). I reviewed the results of the query which resulted in positive matches to Fingerprint Identification Number (FIN) XXXXXX3162 and FBI number XXXXX8PA6.

7. I queried GUERRA's FIN: XXXXXX3162 in the Enforce Alien Removal Module (EARM), an immigration database maintained by DHS which contains information about aliens who are removed from the United States and found him to be a match to Alien file XXX XXX 508, with the immigration history noted below.

8. On or about August 14, 2015, GUERRA was arrested by United States Border Patrol (USBP) near Why, Arizona after he had unlawfully entered the United States from Mexico near Lukeville, Arizona. At that time, GUERRA was not inspected or admitted by an Immigration Officer at a Port of Entry as designated by the

Secretary of Homeland Security. GUERRA was processed for an Expedited Removal pursuant to Section 212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), as amended.

9. On or about September 16, 2015, GUERRA was removed to Honduras via a flight from Phoenix, Arizona.

10. On or about May 23, 2016, GUERRA was arrested by USBP near Lukeville, Arizona after he had unlawfully entered the United States from Mexico near Lukeville, Arizona. At that time, GUERRA was not inspected or admitted by an Immigration Officer at a Port of Entry as designated by the Secretary of Homeland Security. USBP Agents reinstated his prior removal order.

11. On or about June 8, 2016, GUERRA was removed to Honduras via a flight from Phoenix, Arizona.

12. On or about December 11, 2017, GUERRA was arrested by USBP near Guvo, Arizona after he had unlawfully entered the United States from Mexico near Lukeville, Arizona. GUERRA was arrested along with five other individuals attempting to smuggle 125.62 kilograms of marijuana into the United States. USBP Agents reinstated his prior removal order.

13. On or about December 12, 2017, GUERRA was charged (under a variant spelling of his name as Williams ALEXIS-GUERRA) in the United States District Court for the District of Arizona with conspiracy to possess of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii) and possession of marijuana in violation of 21 U.S.C. § 844(a).

14.     On or about December 19, 2017, GUERRA pleaded guilty to a violation of 21 U.S.C. § 844(a) pursuant to a Rule 11 plea agreement and was sentenced to a term of 180 days' imprisonment.

15.     On or about June 22, 2018, GUERRA was removed to Honduras via a flight from Dallas, Texas.

16.     I queried GUERRA's Alien file number: XXX XXX 508 through the Central Index System (CIS), which is a database used for storing and maintaining alien biographic, current, and historical immigration status information. This query returned with the name Williams Alexis GUERRA.

17.     I queried GUERRA though the Person Centric Query System (PCQS) which is a U.S. Citizenship and Immigration Services database for immigration benefits and/or relief. Queries returned negative for any pending or approved petitions that would allow GUERRA to legally be present in the United States.

18.     I queried GUERRA through the Consular Consolidated Databases (CCD), a database maintained by the Department of State which contains passport and visa applications and records. I found no record of GUERRA having applied for or receiving a United States visa of any kind or classification.

19.     I queried GUERRA through the Arrival and Departure Information System (ADIS), a U.S. Customs and Border Protection database that tracks the arrival and departure of international travelers. I found no record of GUERRA ever lawfully arriving or being inspected, admitted, or paroled into the United States by a United States border official.

20.     GUERRA was arrested and detained by CBP on July 28, 2026, for administrative processing and reinstatement of his prior removal order.

21.     I advised GUERRA of his Miranda rights verbally and in writing with the assistance of a bilingual CBP Officer translating from English to Spanish and from Spanish back to English. GUERRA acknowledged his rights and declined to answer questions.

22.     The aforementioned arrest (or apprehension) (and subsequent detention) was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226 and or 1231 of Title 8, United States code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

23.     Based on the foregoing, there is probable cause to believe that, on or about July 28, 2026, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Wilians Alexis GUERRA, an alien from Honduras, who had previously been denied admission, excluded, deported, or removed from the United States on or about June 22, 2018, was found in the United States without the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
Saleem M. Rodney
U.S. Customs and Border Protection
Officer

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Honorable Elizabeth A. Stafford
United States Magistrate Judge